** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| DONALD KILGORE, | § § | |
|     *Plaintiff*, | § § | Civil Action No. 9:11-CV-155 |
| v. | § § | JUDGE RON CLARK |
| BROOKELAND INDEP. SCH. DIST., | § § | |
|     *Defendant*. | § § | |

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ADOPTING REPORT AND RECOMMENDATION

Plaintiff Donald Kilgore filed suit against Defendant Brookeland Independent School District ("BISD"), alleging that his employment as a bus driver was terminated because of his age, in violation of the Age Discrimination in Employment Act ("ADEA") and the Texas Labor Code. The case was referred to United States Magistrate Judge Judith K. Guthrie for pretrial matters. Judge Guthrie entered a Report and Recommendation which recommended that BISD's motion for summary judgment be granted and the case dismissed with prejudice. Mr. Kilgore has filed objections to the Report and Recommendation.

Having made a careful *de novo* review[1] of the parties' motion papers, the evidence in the record, and the written objections filed by Mr. Kilgore, the court concludes that the objections are without merit and adopts Judge Guthrie's Report and Recommendation.

---

[1] On dispositive motions referred to a Magistrate Judge, the court reviews *de novo* any portion of the Magistrate Judge's recommendation to which proper objections have been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Mr. Kilgore's primary objections are two-fold. First, he argues that Judge Guthrie should have considered Superintendent Kevin McCugh's alleged comment that Mr. Kilgore was "eligible for retirement," as direct evidence of discriminatory intent, which would negate the need to use the *McDonnell Douglas* burden shifting analysis.

For an "age-based comment to be probative of an employer's discriminatory intent, it must be direct and unambiguous, allowing a reasonable jury to conclude without any inferences or presumptions that age was an impermissible facts in the decision to terminate" Mr. Kilgore. *Moss v. BMC Software, Inc.*, 610 F.3d 917, 929 (5th Cir. 2010); *see also Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897-98 (5th Cir. 2002) ("If an inference is required for the evidence to be probative as to Appellee's discriminatory animus in firing Appellant, the evidence is circumstantial, not direct.").

Even viewing the evidence in the light most favorable to Mr. Kilgore, Superintendent McCugh's alleged comment requires an inference for it to be probative of discriminatory animus. According to Mr. Kilgore, he had a conversation with Superintendent McCugh in April 2011 in which Mr. Kilgore was told that he would be laid off because of "budget cuts" and "other problems." At some point during the meeting, Mr. Kilgore was told that he was "eligible for retirement" and that he could act a substitute bus driver.

This comment is not direct evidence. *See, e.g., Haas v, ADVO Sys., Inc.*, 168 F.3d 732, 733-34 (5th Cir. 1999) (a job interviewer's statement that Plaintiff's age caused him concern was not direct evidence of discrimination in the employer's decision not to hire Plaintiff); *E.E.O.C. v. Tex. Instruments, Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996); *Martin v. Bayland, Inc.*, 403 F. Supp. 2d 578, 582-83 (W.D. Tex. 2005) (statement by employer to Plaintiff that it was "time to retire" is not direct

evidence of age discrimination). Even according to Mr. Kilgore, Superintendent McCugh stated during their meeting that he was terminating Mr. Kilgore on account of budget cuts and "other problems," and did not explicitly state that Mr. Kilgore was being terminated because he was retirement-eligible. Viewing the conversation as a whole, a leap of logic would be required to infer that Superintendent McCugh's isolated statement was direct evidence of discriminatory animus, namely that Superintendent McCugh wanted to terminate Mr. Kilgore because of his age.

Mr. Kilgore's second objection is that the Report and Recommendation failed to consider the inconsistency in BISD's explanations for his termination. His argument is that inconsistent explanations indicate falsity, and create a genuine issue of material fact for trial.

A party can choose to present its best theory at the summary judgment phase, and Mr. Kilgore is required by Fifth Circuit precedent to rebut *each* non-discriminatory reason BISD provides. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001). The court disagrees that BISD's explanations have been inconsistent—the District has taken the position fairly consistently that one bus route needed to be eliminated at the close of the 2011 school year for budgetary reasons, and Mr. Kilgore's route was chosen based on his performance problems. The fact that the District was ultimately able to re-establish the position months later and hire an individual who, unlike Mr. Kilgore, had no documented safety/performance concerns does not change this conclusion.

Finally, Mr. Kilgore argues in passing that the Report and Recommendation used the wrong causation standard for his state claims. Mr. Kilgore argues that under Texas law, he can prove his state claims using the "motivating factor" approach, rather than the federal "but for" standard he must use to prove his ADEA claims. Mr. Kilgore is correct: the Fifth Circuit has stated, in an unpublished opinion, that unlike the ADEA, the text of TCHRA expressly includes the "motivating

factor" standard. *Jackson v. Host Int'l*, 426 F. App'x 215, 219 n.2 (5th Cir. 2011). However, no genuine issue of material fact remains on Mr. Kilgore's claims under either causation standard.

Mr. Kilgore's objections to the Report and Recommendation are OVERRULED. The court adopts the findings and conclusions of Judge Guthrie as those of the court.

IT IS THEREFORE ORDERED that Defendant Brookeland Independent School District's Motion for Summary Judgment [Doc. # 52] is GRANTED. All other pending motions are DENIED AS MOOT. The court will enter Final Judgment by separate Order.

So **ORDERED** and **SIGNED** this **10** day of **December, 2012.**

_____
Ron Clark, United States District Judge